IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NAJARIAN CAPITAL LLC,

    Plaintiff,

    v.

ALFREDA STRICKLAND, and
JONATHAN STRICKLAND,

    Defendants.

CIVIL ACTION FILE

NO. 1:15-CV- 2642-WSD-WEJ

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant Jonathan Strickland's request to remove this case from the Magistrate Court of Clayton County, Georgia, in forma pauperis ("IFP") [1].

On July 27, 2015, Mr. Strickland filed his IFP application; however, the first named defendant—Alfreda Strickland—failed to submit her own application. On July 28, the Court directed Ms. Strickland to complete a form application to proceed IFP or submit the full removal filing fee of $400 within thirty days. (Order of July 28, 2015 [2].)  Ms. Strickland failed to do so.

Without Ms. Strickland's IFP application there is no way to determine whether both defendants seeking to remove this case are paupers and can proceed

without paying the $400 fee.[1]  Therefore, on September 1, 2015, the Court directed Mr. Strickland to pay the removal filing fee within ten days.  (Order of Sept. 1, 2015 [3].)  He too failed to comply with the Court's Order.

The Court cautioned both Mr. and Ms. Strickland that failure to comply with the above Orders would result in a recommendation that this case be dismissed for failure to prosecute.[2]  (See Order of July 28, 2015; Order of Sept. 1, 2015.)  Accordingly, because the Court cannot determine if both defendants seeking to remove this case may proceed IFP and those defendants failed to comply with lawful Orders of the Court, the undersigned **RECOMMENDS** that Mr. Strickland's IFP application [1] be **DENIED** and this case be **REMANDED** to the Magistrate Court of Clayton County, Georgia.

---

[1] Unless a removing party is proceeding IFP, the Clerk is required to collect a filing fee and any required additional fees.  28 U.S.C. § 1914.

[2] Pursuant to Local Rule 41.3, the Court may dismiss a civil action for want of prosecution if a plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."  N.D. Ga. R. 41.3(A)(2); see also Fed. R. Civ. P. 41.

**SO RECOMMENDED**, this 23rd day of September, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE